Citation Nr: 1456939 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 09-03 523A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to compensation under the provisions of 38 C.F.R. § 1151 for atrial fibrillation, as a result of medication prescribed by the Department of Veterans Affairs (VA). 

2. Entitlement to compensation under the provisions of 38 C.F.R. § 1151 for loss of muscle in the abdomen, tissue damage to the right hip, tissue damage from the right groin to the right knee, and sore testes and penile deformity with erectile dysfunction, as a result of improper treatment on the part of the VA.


WITNESSES AT HEARINGS ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Sarah Plotnick, Associate Counsel

INTRODUCTION

The Veteran served on active duty from April 1981 to April 1983. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from January 2007 and June 2008 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In connection with the appeal, the Veteran and his spouse testified at a personal hearing before a Decision Review Officer (DRO) at the RO in November 2008. He and his spouse also testified at a video-conference hearing before the undersigned Veterans Law Judge in July 2010. Transcripts of both hearings are associated with the claims file.

In February 2011, the Board remanded the claims for additional development and consideration. In a December 2012 decision, the Board denied both of the Veteran's claims for entitlement to compensation under the provisions of 38 U.S.C.A. § 1151. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In April 2014, the Court issued a Memorandum Decision in which the Board's denial of the claims for entitlement to compensation under the provisions of 38 U.S.C.A. § 1151 were vacated and remanded to the Board for further appellate review.

With regard to representation, the Veteran was unrepresented at the time of the December 2012 Board decision and was represented by a private attorney, N. Albert Bacharach, before the Court. The Board notes that the Veteran argued before the Court that he should have been informed that he may hire an attorney to represent him before the Board. In its April 2014 Memorandum Decision, the Court determined that the Veteran "was told many times that he may obtain representation" and that, "[a]s this matter will be remanded and readjudicated...[the Veteran] will have another opportunity to obtain skilled counsel." However, there is no VA Form 21-22a (Appointment of Individual as Claimant's Representative) in favor of Mr. Bacharach in the claims file and representation before the Court does not carry over to the Board. As such, the Veteran is currently unrepresented his appeal.

The Board notes that, in addition to the paper claims file, the Veteran also has electronic Virtual VA and Veteran Benefits Management System (VBMS) paperless claims files. A review of the documents in Virtual VA reveals that they are either duplicative of the evidence in the paper claims file or are irrelevant to the issues on appeal. Further, the Veteran's VBMS file does not contain any documents at this time.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014).

The Veteran contends that VA incorrectly prescribed that he take 1450 milligrams of Divalproex per day for his migraine headaches, rather than the recommended limit of a 1000 milligram dosage, and that due to the increased dosage, he suffered atrial fibrillation for which he was hospitalized in July 2006. 

The Veteran further alleges that his medical management once hospitalized was based upon an incorrect medical history. He points to a July 15, 2006, History and Physical Admission report that incorrectly stated that he suffered a history of bradycardia, hypertrophy of the prostate, heart valve disease, coronary artery disease, hyperlipidemia, urinary incontinence, and hypertension. He contends that the incorrect medical history was used in determining his need for a cardiac catheterization, a procedure that was otherwise unnecessary. In that regard, he stated that although he signed a written informed consent and provided verbal informed consent concerning the procedure, because the decision to order the procedure was based upon an incorrect medical history, the informed consent was legally flawed. 

The Veteran also alleges that he was mishandled following the cardiac catheterization when the gurney on which he was being transported caught on the side of his bed, jolted, and dropped to the ground. Although he stayed on the gurney, the movement dislodged a closure device in his right lower thigh and he experienced immediate right abdominal pain and internal bleeding. He states that, although the gurney dropped, he received no further examination from a physician for many hours after the incident until his condition had severely deteriorated and he was resuscitated, which resulted in surgery 24 hours later. He claims that his medical management during that period of time was negligent. 

The Veteran contends that because of the described course of events, he now suffers from daily pain in the right abdomen, thigh, groin, and knee, and experiences sore testes, erectile dysfunction, and penile deformity. He claims that he must also take anticoagulation medication for the rest of his life.

In its April 2014 Memorandum Decision, the Court determined that the Board provided an inadequate statement of reasons or basis for its section 1151 determination that the Veteran's atrial fibrillation was not related to medication prescribed by VA for migraine headaches. Although the Board concluded that compensation was not warranted because VA did not exercise "carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault," the Court found that the Board failed to address whether VA was at fault in prescribing the medication that caused the Veteran's condition. 

In this regard, the October 2011 VA examiner, upon whose opinion the Board relied in denying the Veteran's claims in the December 2012 decision, concluded that it is at least as likely as not that the prescribed dosage of Divalproex caused or aggravated the Veteran's atrial fibrillation. However, the examiner determined that it was less likely as not that the Veteran's additional disability of atrial fibrillation resulted from carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA, or an event that was not reasonably foreseeable. In reaching such conclusion, the examiner determined that VA did not rely on incorrect medical history in determining the course of treatment, and he was not provided incorrect, unnecessary, or negligent treatment. However, as noted by the Court, the October 2011 examiner did not opine as to whether VA failed to exercise the degree of care that would be expected of a reasonable health care prescriber by prescribing the aforementioned dosage of medication for the Veteran's migraine headaches. Based on the foregoing, the Board finds that a remand is necessary in order to obtain an addendum medical opinion that addresses such matter.

The Veteran contends that his claimed loss of muscle in the abdomen, tissue damage to the right hip, tissue damage from the right groin to the right knee, and sore testes and penile deformity with erectile dysfunction are due to the improper treatment for his atrial fibrillation, which included a cardiac catheterization. As such, the Board finds that such claim is inextricably intertwined with the remanded claim for compensation under 38 U.S.C.A. § 1151 for atrial fibrillation. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final decision on one issue cannot be rendered until a decision on the other issue has been rendered); Holland v. Brown, 6 Vet. App. 443, 445-46 (1994). 

Accordingly, the case is REMANDED for the following action:

1. Return the record, to include a copy of this remand, to the VA examiner who conducted the October 2011 examination. The examiner should note in the addendum opinion that the record has been reviewed. If the October 2011 examiner is not available, the record should be provided to an appropriate medical professional so as to render the requested opinion. The need for an additional examination is left to the discretion of the clinician selected to write the addendum opinion.

After reviewing the record, the examiner is requested to provide an opinion as to whether VA failed to exercise the degree of care that would be expected of a reasonable health care provider (such as carelessness, negligence, lack of proper skill, error in judgment, or a similar instance of fault) in prescribing the Veteran the dosage of Divalproex (250 milligrams of slow release tablets, taken three at a time, twice per day) for migraine headaches.

The examiner is also asked to provide an opinion as to whether the Veteran's atrial fibrillation was the result of an event not reasonably foreseeable, to include as due to the increased dosage of Divalproex, based on what a reasonable health care provider would have foreseen (the event need not be completely unforeseeable or unimaginable but must be one that a reasonable health care provider would not have considered to be an ordinary risk of the treatment provided).

The rationale for any opinions offered should be provided.

2. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claims should be readjudicated based on the entirety of the evidence. If the claims remain denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).